**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOIS STROUD, natural mother and
heir at law; BECKY SMITH,
Administratrix of the Estate of David
Stroud, Deceased,

        Plaintiffs - Appellants,

    v.

RIVER RUNNERS, LTD.; SARAH
SYLVIA,

        Defendants - Appellees.

No. 98-1234
(D. Ct. No. 97-WY-1561-WD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **TACHA**, and **KELLY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's order granting summary judgment in

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

favor of defendants on plaintiffs' claims for breach of contract, negligence, and failure to warn. On appeal, plaintiffs raise arguments similar to those addressed by the district court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

This dispute arises from a tragic white-water rafting accident that occurred on the Arkansas River in Colorado on July 11, 1995. The church youth group participants began planning for the trip in August or September of 1994. Carol Murphy, an adult volunteer, contacted defendant River Runners, Ltd. to schedule the white-water rafting excursion. She told the River Runners representative that the church group participants were novice rafters but wanted more than a float trip. After estimating the number of participants, Ms. Murphy sent a check to River Runners, paying for the trip in full. River Runners responded with a confirmation form explaining its cancellation policy and stating the payment guaranteed a reservation of the equipment needed for the rafting excursion.

Shortly before the trip, a parent of one of the participants expressed concern regarding high runoff in June 1995. This comment prompted Ms. Murphy to call River Runners to ensure that the trip would be safe for the participants. The employee with whom she spoke assured her that the selected location, Brown's Canyon, was safe despite the high water. The employee did not inform Ms. Murphy that a number of individuals had died while rafting in

Colorado during the preceding weeks.

When the youth group arrived in Salida, Colorado, the night before the raft trip, River Runners informed the group for the first time that it required participants to sign a waiver and release form before they could take part in the rafting excursion. Mr. David Stroud, who accompanied the youth group as an adult volunteer, and the other participants signed the waiver forms. On the morning of the accident, River Runners provided Mr. Stroud, who weighed approximately 350 pounds, with a life jacket. Due to Mr. Stroud's size, however, the jacket did not fit properly. Nonetheless, Mr. Stroud went on the rafting excursion. During the outing, Mr. Stroud's boat overturned in Pinball Rapids, a Class III rapid. After the boat capsized, Mr. Stroud lost his life jacket and drowned.

Plaintiffs commenced the following action in the United States District Court for the District of Kansas on April 10, 1997. Plaintiffs' amended complaint alleges causes of action for breach of contract, negligence, and failure to warn. In addition, plaintiff sought declaratory judgment and recision of the exculpatory agreement that Mr. Stroud had signed. After transfer of the matter to the United States District Court for the District of Colorado, defendants filed a motion for summary judgment, arguing the exculpatory agreement protected them from liability. Plaintiffs filed a cross-motion for summary judgment on its request for

recision of the waiver and release. On May 18, 1998, the district court granted defendants' motion and denied plaintiffs' cross-motion. The court entered judgment against plaintiffs on May 22, 1998.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 174.

After careful review of the record, we AFFIRM for substantially the same reasons as set forth in the district court's order of May 18, 1998. We DENY defendants' request for sanctions and motion to strike plaintiffs' Appendix and Brief.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge